IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON** <br> 1101 K Street, N.W., Suite 201 <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE** <br> 950 Pennsylvania Ave., N.W. <br> Washington, D.C. 20530, <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief against the U.S. Department of Justice ("DOJ"). Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of DOJ to respond to a request for documents related to DOJ investigations into Erik Prince and whether those investigations were influenced by political considerations or by DOJ officials seeking to accommodate then-President Trump.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide CREW all responsive records, and 5 U.S.C. § 552(a)(6)(A), for failing to provide CREW with a determination on its requests within 20 business days, as well as injunctive relief ordering DOJ to process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). DOJ has possession, custody, and control of records responsive to CREW's FOIA request.

## Factual Background

6. On April 30, 2019, Adam Schiff, Chairman of the House Permanent Select Committee on Intelligence (the "Committee"), referred Erik Prince to DOJ for criminal investigation. Letter from Adam Schiff, Chairman, House Permanent Select Comm. on

Intelligence, to William Barr, Att'y Gen., Dep't of Justice (April 30, 2019), https://bit.ly/3rWROlT.

7. Chairman Schiff asserted that Mr. Prince misled the Committee during its investigation of Russian interference in the 2016 presidential election, and asked DOJ to determine whether Mr. Prince should be criminally charged with lying to Congress. *Id.* Chairman Schiff characterized Mr. Prince's November 2017 testimony before the Committee as "replete with manifest and substantial falsehoods that materially impaired the Committee's investigation." *Id.*

8. In February 2020, DOJ advised Chairman Schiff that it would review his request for an investigation into Mr. Prince's congressional testimony. Letter from Stephen E. Boyd, Asst. Att'y Gen., Dep't of Justice, to Adam Schiff, Chairman, House Permanent Select Comm. on Intelligence (Feb. 4, 2020), https://on.wsj.com/2ODRUAy. DOJ provided no explanation for why almost ten months elapsed before it acknowledged Representative Schiff's request, although it apologized for the delay. *See id.*

9. One week after DOJ indicated it would review the allegations, the *Wall Street Journal* reported that DOJ was nearing a decision on whether to charge Mr. Prince. Auna Viswanatha and Julie Bykowicz, DOJ Nears Decision on Whether to Charge Blackwater Founder Erik Prince, *Wall Street Journal*, Feb. 11, 2020, https://on.wsj.com/3dPEUR3. In addition to charges related to making false statements to Congress, DOJ apparently was considering whether Mr. Prince violated U.S. export laws. *Id.*

10. Several individuals focused on the Prince case have raised concerns that then-Attorney General William Barr would "quash" the investigation of Mr. Prince. Colin Kalmbacher, Erik Prince Is Accused of Lying to Congress Multiple Times. Is William Barr

About to Bury the Case?, *Law & Crime*, Feb. 11, 2020, https://bit.ly/3eIZODr. *NBC News* reported that Attorney General Barr had taken control of legal matters of personal interest to then-President Trump. Carol E. Lee, Ken Dilanian, and Peter Alexander, Barr takes control of legal matters of interest to Trump, including Stone sentencing, *NBC News*, Feb. 11, 2020, https://nbcnews.to/2ODTzGi. Those matters included the case against Trump associate Roger Stone in which Attorney General Barr and his aides intervened to withdraw a stiff sentencing recommendation by career prosecutors shortly after President Trump tweeted that the sentencing recommendation was unfair. Matt Zapotosky and Devlin Barrett, Barr faces fresh scrutiny over Stone sentencing controversy, *Washington Post*, Feb. 12, 2020, https://wapo.st/3mCCWHG.

11. Several former DOJ officials have argued that DOJ's reversal on the Stone recommendation suggests alarming political interference in the criminal justice process. Lee, Dilanian, and Alexander, *NBC News*, Feb. 11, 2020. Mr. Prince, the brother of former Secretary of Education Betsy DeVos, is also a Trump ally and was involved in President Trump's campaign and transition. Viswanatha and Bykowicz, *Wall Street Journal*, Feb. 11, 2020; Jeremy Scahill and Matthew Cole, The Persistent Influence of Trump's 'Shadow Adviser' Erik Prince, *The Intercept*, Nov. 5, 2019, https://bit.ly/3bT2s7R.

### The FOIA Request at Issue

12. On February 14, 2020, CREW submitted a FOIA request to DOJ seeking information regarding whether any DOJ investigation related to Mr. Prince had been influenced by political considerations or by DOJ officials seeking to accommodate President Trump. Specifically, CREW requested:

> 1. All documents between April 30, 2019 and February 4, 2020 concerning or reflecting any investigation, review, or other action taken by DOJ regarding or in response to Representative Adam Schiff's request for an investigation into Erik Prince.

2. All calendar entries from April 30, 2019 to the present for Attorney General William Barr reflecting appointments, including but not limited to in-person meetings or telephone conversations, related to Mr. Prince.

3. All communications from April 30, 2019 to the present relating to Mr. Prince between DOJ and (1) President Trump; (2) employees within the Executive Office of the President; (3) Betsy DeVos; (4) Mr. Prince; (5) attorneys or representatives acting on behalf of Mr. Prince, including Matthew Schwartz and Victoria Toensing; or (6) the U.S. Attorney's Office handling any investigation into Mr. Prince's activities. This request includes without limitation the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, and Legislative Affairs.

4. All internal DOJ communications to or from Attorney General Barr relating to Mr. Prince between April 30, 2019 to the present.

13. CREW also requested a waiver of the fees associated with the processing of its request.

14. By letter dated March 16, 2020, DOJ acknowledged receipt of CREW's request and assigned it reference number FOIA-2020-00228.

15. To date, DOJ has not granted CREW's request for a fee waiver, nor has DOJ made any other communication to CREW regarding CREW's FOIA request.

16. Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its request of DOJ.

**CREW'S CLAIMS FOR RELIEF**

**COUNT I**
**DOJ's Wrongful Withholding of Records Responsive to CREW's FOIA Request**

17. Plaintiff repeats and re-alleges paragraphs 1-16.

18. In its February 14, 2020 FOIA request, CREW properly asked for records within the custody and control of DOJ.

19. DOJ is wrongfully withholding records responsive to CREW's FOIA request.

20. By failing to timely release all requested records in full to CREW, DOJ is in violation of the FOIA.

21. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the records requested in its February 14, 2020 FOIA request assigned reference number FOIA-2020-00228.

## Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

(1) Order the Defendant to immediately and fully process CREW's February 14, 2020 FOIA request and to disclose all non-exempt documents immediately to CREW;

(2) Issue a declaration that CREW is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award CREW its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Anne L. Weismann*
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
Phone: (301) 717-6610
Weismann.anne@gmail.com

Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and
　Ethics in Washington

                                                            1101 K Street, N.W., Suite 201
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: April 13, 2021                        *Attorneys for Plaintiff*